UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTONIO SAUNDERS,

                              **Plaintiff,**

                              v.                              9:07-CV-239
                                                                               (FJS/RFT)

**SUPERINTENDENT GREENE, Great
Meadow Correctional Facility; POTTER,
Deputy Superintendent, Great Meadow
Correctional Facility; GLENN S. GOORD,
Commissioner of NYS DOCS; DONALD
SELSKY; and JOHN DOE, Sergeant,**

                              **Defendants.**
_____

**APPEARANCES**

**ANTONIO SAUNDERS
0018095**
Hampton Roads Regional Jail
P.O. Box 7609
Portsmouth, Virginia 23707
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

       The Clerk of the Court has sent Plaintiff Antonio Saunder's complaint and *in forma pauperis* application to the Court for its review.[1] In his *pro se* complaint, Plaintiff alleges that his due process rights were violated when he was denied pre-hearing assistance before his Time

---

[1] Plaintiff has filed one other action in this District. *See Saunders v. Ricks*, 9:03-CV-598. Plaintiff filed a Notice of Appeal in that action on March 9, 2007. *See id.* at Dkt. No. 66.

Allowance Committee ("TAC") hearing on October 28, 2003. *See* Dkt. No. 1 at 4-5, 10.[2] Plaintiff alleges that the denial of pre-hearing assistance was contrary to the facility's policy and procedure and caused him to be unable to rebut the TAC's reasoning for taking five years and four months of good-time credit away from him. *See id.* at 5, 10. Plaintiff claims that he has exhausted all of his administrative and state-court remedies. *See id.* at 2. For these alleged violations, Plaintiff seeks only monetary damages, including $200.00 per day for the seven hundred and twenty days he claims that he spent in prison past his initial release date.[3] *See id.* at 11.

## II. DISCUSSION

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before it permits him to proceed with his action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

Moreover, under 28 U.S.C. § 1915A, a court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a government agency and must

---

[2] The TAC hearing was held at Great Meadow Correctional Facility.

[3] Plaintiff appears to have been released from prison in New York State in February 2006. However, it appears that Plaintiff was subsequently re-incarcerated and is currently in a Virginia jail.

"identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, 110 L. Ed. 2d 455 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (holding that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights" (citation omitted)).

Plaintiff contests the outcome of his October 28, 2003 TAC hearing and claims that, because he was denied pre-hearing assistance, he could not fully contest the committee's reasoning for its decision. *See* Dkt. No. 1 at 5.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into

question by a federal court's issuance of a writ of habeas corpus. . . ." *Id.* at 487.[4,5] Moreover, the *Heck* Court directed that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff **would necessarily imply the invalidity of his conviction or sentence**; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (emphasis added).[6] Conversely, where the § 1983 action, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment," *id.*, or prison disciplinary determination against the plaintiff, the court should allow the action to proceed.

In this action, the essence of Plaintiff's claim is that he was denied the right to pre-hearing assistance; and, as a result, he lost good-time credit and remained incarcerated past his initial release date. Thus, it appears that, because the TAC's decision was not reversed, *Heck* would bar Plaintiff's claims.

Alternatively, even if the Court assumes that *Heck* and *Edwards* did not bar Plaintiff's claims, the Court must still dismiss these claims because the statute of limitations bars them.

---

[4] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for *habeas corpus*. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

[5] As the Second Circuit notes in *Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001), "[i]n *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Court held that *Heck* barred a suit challenging procedural defects at a [prison disciplinary] hearing at which the inmate's good-time credits were revoked because the defects, if established, would imply the invalidity of that revocation." *Id.* at 73.

[6] In a subsequent case, the Supreme Court noted that "*Heck* uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (citation omitted). The Court further explained that "*Heck* uses the word 'sentence' interchangeably with such other terms as 'continuing confinement' and 'imprisonment.'" *Id.* (citing [*Heck*], 512 U.S., at 483, 486, 114 S. Ct. 2364) (other citation omitted).

The applicable statute of limitations for § 1983 actions arising in New York is three years from the date on which the action accrues. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995) (citations omitted). "Federal law determines when a section 1983 cause of action accrues . . . ." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citations and footnote omitted). The Second Circuit has held that a cause of action accrues ""when the plaintiff knows or has reason to know of the injury which is the basis of his action."" *Id.* (quotation omitted).

At the very latest, Plaintiff knew that he had not received any pre-hearing assistance on the date that the hearing was held, October 28, 2003. *See* Dkt. No. 1 at 5. Therefore, the limitations period began to run at that time and expired three years later on October 28, 2006. Plaintiff signed his complaint on February 12, 2007, *see id.* at 11, more than three months after the limitations period had expired. Therefore, even if *Heck* and *Edwards* were not applicable to Plaintiff's claims concerning the TAC hearing, the statute of limitations bars Plaintiff's due process claims.

Likewise, the statute of limitations bars Plaintiff's claim against Defendant Doe, which is based upon Defendant Doe's alleged request on October 29, 2003, that Plaintiff sign a document indicating that he had received pre-hearing assistance, *see* Dkt. No. 1 at 6.

### III. CONCLUSION

After carefully reviewing Plaintiff's complaint and the applicable law, and for the above-stated reasons, the Court concludes that Plaintiff has failed to state a claim against the named Defendants upon which this Court can grant relief; and, therefore, his complaint is subject to

dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).[7]  Accordingly, the Court hereby

**ORDERS** that the Clerk of the Court enter judgment dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii); and the Court further

**ORDERS** that Plaintiff's *in forma pauperis* application is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: April 16, 2007
       Syracuse, New York

                                       Frederick J. Scullin, Jr.
                                       Senior United States District Court Judge

---

[7] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).  Since Plaintiff's claims are time-barred, amendment would be futile.